IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CHARLOTTE K. JOHNSON, | ) |
| Plaintiff, | ) |
| | ) Case No. 05-5096-CV-SW-DW-SSA |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

# ORDER

Charlotte K. Johnson appeals the denial of her application for disability insurance benefits. See 42 U.S.C. §§ 401 et seq. She asserts a disability caused by depression, anxiety, and panic attacks. After a hearing, an ALJ found that Johnson was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in

part. Johnson's main argument is that the ALJ improperly discounted the opinion of Dr. Wilson. Dr. Wilson completed a "Medical Source Statement," on which she indicated that Johnson had "marked limitation" in ten functional areas and "moderate limitation" in eight others. At the hearing, the ALJ agreed with Johnson that "if you were to adopt the limitations as set forth by Dr. Wilson that there would be no work available."

Johnson contends that Dr. Wilson's Medical Source Statement is entitled to controlling weight. This Court disagrees. As the ALJ emphasized, Dr. Wilson's treating relationship with Johnson began only shortly before the administrative hearing, and at the request of Johnson's attorney. The form was completed shortly after the first session with Johnson. That is not the kind of treating source opinion that deserves deference. See 20 C.F.R. § 404.1527(d)(2) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."); Doyal v. Barnhart, 331 F.3d 758 (10th Cir. 2003) (opinion not entitled to controlling weight "on the basis of a fleeting relationship, or merely because the claimant designates the physician as her treating source.").

Substantial evidence supports the ALJ's decision to further discount Dr. Wilson's opinion. Although the Medical Source Statement is, in itself, important medical evidence to be considered, see Reed v. Barnhart, 399 F.3d 917, 921 (8th Cir. 2005), there is little documentary support for Dr. Wilson's conclusions. The treatment note from the first session does not touch on many of the categories on the form. Further, the ALJ relied on inconsistencies between the Medical Source Statement and the thorough assessment Dr. Wilson completed as a consultative examiner for Disability Determination Services in 2003. See Guilliams, 393 F.3d at 803 (discounting for internal inconsistencies proper); Strongson v. Barnhart, 361 F.3d 1066, 1070

(8th Cir. 2004) (ALJ "need not give controlling weight to a physician's RFC assessment that is inconsistent with other substantial evidence in the record"). The Court does not read the two assessments as terribly inconsistent. However, substantial evidence supports the ALJ's decision on this point. For one example, in 2003, "Ms. Johnson is capable of understanding and remembering simple, semicomplex, and probably complex instructions." But in 2004, she has "marked limitation" in "the ability to understand and remember detailed instructions" and "moderate limitation" in "the ability to understand and remember very short and simple instructions."

Finally, importantly, the ALJ relied on record evidence that Johnson's conditions improved with treatment. Twice, in September 2002 and June 2003, Johnson was hospitalized for mental illness. After a few days, she was released with diagnoses of only mild psychological symptoms, and with directions to seek outpatient treatment. The ALJ was entitled to rely on the record evidence that Johnson never sought the directed counseling.

There undoubtedly is substantial evidence in this record that Johnson is disabled by her mental illness. However, this Court concludes that the ALJ properly evaluated the medical records and testimony in deciding the case. Thus, after careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Johnson's application for benefits is AFFIRMED.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
Date: July 18, 2006 United States District Judge